IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Respondent<br><br>v.<br><br>JOSE LUIS CRUZ-TREJO<br>Movant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

B-04-028

case No. 1:02-CR-00377-SI-008

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

## PURSUANT TO SECTION 28 U.S.C. 2255

COMES NOW Jose Luis Cruz-Trejo hereby pro se (hereinafter "Movant") who respectfully request to this Honorable U.S.D.C. to grant the Movant's Habeas Corpus §2255 the relief seeking for good cause shown.

Respectfully Submitted

JOSE LUIS CRUZ-TREJO

## PRO SE

This a pro se petition, and as such is to held to less stringent standard than those drafted by the Attorneys. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Cruz v. Beto</u>, 405 U.s 319 91972). In a pro se complaint must be take as true and construed liberally in favor of the plaintiff. See <u>Malone v. Coylor</u>, 710 F.2d 258-60 (6th Cir. 1983). As the Sixth Circuit stated in <u>Pak v. Reno</u>, 8 F. Supp. 2d 1005 (N.D. ohio 1998), the allegations of the complaint must be taken as true and construed in a light most favorable to the Plaintiff. The Complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conely v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 21 Ed. 2d 80 (1957); <u>Hammond v. Baldwin</u>, 866 F. 2d 172 (6th Cir. 1989). Petitioner respectfully moves this Honorable Court to construct this Petitioner's Motion pursuant 8 U.S.C. §2255 liberally.

## GENERAL STANDARD OF REVIEW UNDER
### 28 U.S.C. SECTION 2255

A federal prisoner may move the sentencing Court, pursuant to 28 U.S.C. section 2255, to vacate. set aside, or correct a sentence "upon the ground that the sentence was impose in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess the maximum authorized by law, or is other-

sistent with the rudimentary demands of fair procedure". United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962);see also United States v. Addionizio, 442 U.S. 178, 185 (1979); United States v. DeLuca, 889 F. 2d 503 (3rd Cir. 1989), cert. denied, 496 U.S. 939 (1990); Kikumura v. United States, 978 F. Supp. 563, 574 (D.N.J. 1997).

A habeas petitioner can obtain collacteral review only if he can show both "cause and actual prejudice" resulting from the errors of which he complaints. See United States v. frady, 465 U.S. 167-168 (1982). The Third Circuit has held that Frady's cause and perjudice standards applies to action 2255 proceeding in which a petitioner seek relief from alleged errors in connection with his sentence that he has not directly appealled", see United States v. Essig 10 F. 3d 968, 979 (3rd Cir. 1992). In order to demostrated legitimate "cause or for failing to raise a claim of errors a Petitioner must "show that some objective factor external to the defense impeded counsel's effort to raise the claims..." Essig 10 F. 3d at 979 (citations omitted)."

A 2255 Motion is not a substituted for direct appeal, United states v. Robinson, 8 F. 3d 398, 406 (7th Cir. 1993).

The Federal Rules of criminal Procedure allow District Court to correct clerical errors in their judgment, see Fed. R. Crim. P. 36); Accardy v. blackwell, 412 F. 2d 911, 913 (5Th cir. 1969).

## STATEMENT OF THE ISSUE

The District Court erroneously enhancement a Nine (9) levels to Movant in 100 more undocumented aliens that the Movant transport and harbor certain aliens into the United States. The Government proof only 4 undocumented alien in the Movant's indictment, for this reason, because,   the total of 4 alien in the Movant's indictment the level should be 3 levels, and not 9 levels. However even if the U.S.D.C. did not agree the Government investigation should that the Movant transporting and harboring the total of 12, and 14 undocumented aliens into the United States, and the levels should be 6 levels.

## BACKGROUND

In the Government investigation they argue that the Movant On January 26, 2002 guided Fourtheen (14) undocumented aliens around the United States Border Patrol Check Point located near the Sarita, Texas. See ¶ 10 No. 38. *PSR* See Exhibit ( 1 ).

Also that the Movant on June 5, 2002 the Movant transport an group of a least Twelve (12) undocumented aliens within the United States. See the PSR ¶ 11 No. 43. See Exhibit (1).

On June 7, 2002 Movant was arrested together with his co-defendents Garcia-Coronado and Olvera-Martinez. See PSR ¶ 11 No. 44.

On july 16, 2002, a Federal Grand Jury in Brownsville, Texas returned a ten-count Superseding indictment against Movant and his codefendants. However the Movant was charge for count 1 thru 5. See PSR ¶ 4 No. 3, 5 and 6. See Exhibit ( 1 ).

- 4 -

Movant's Count One (1) Conspiracy to Transport and Harbor Certain Aliens Within the United States for Private Financial Gain in violation of 8 U.S.C. §§1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I). See Exhibit ( 1 ).

Count Two (2) thru Five (5). Knowing or reckless disregard of the facts that count (2) Nicloas Nolasco-Corona ; Count (3) Oliver Gregorio-Gomez ; Count (4) Reyes Lucas-Cabrera; Count (5) Salomon Taboada, was an aliens who had come to, entered, and remained in the United States in violation of law, did transport and move, and attemp to transport and move such aliens within the United States from near Kingsville, Texas to near Kingsville, Texas by means of a motor vehicle and on foot, for commercial advantage and private financial gain in furtherance of such violations of law.

In violation of Title 8, United States Code, sections 1324(a)(1)(A)(ii) and 1324 (a)(1)(A)(v)(II). See Exhibit (2 ).

On October 10, 2002 Movant appeared before U.S. Magistrate judge John WM. Black, and entered a plea of guilty to count One (1), received a full credit for acceptance of responsibility, a sentence of the low end of the sentencing guideline range, the Government will not seek an upward departure based on the number of aliens, and will recommended dismissed of the remain counts 2 thru 5. See PSR ¶ 5 No. 14.

On January 21, 2003 the Movant was sentenced to 41 months on Count (1), by the U.S.D.C. Judge Hilda G. Tagle, and Count 2 thru 5 were dismissed. See Exhibit ( 3 )

THE U.S.D.C. ERRONEOUSLY ENHANCEMENT 9 LEVELS FOR 100
OR MORE ILLEGAL ALIENS WHERE SHOULD BE  3 LEVELS
FOR 6 TO 24 ILLEGAL ALIENS OR A LEAST 25 TO 99 ILLEGAL
IF THE COURT ARGUE THAT THE MOVANT VAS INVOLVED ON 26 ALIENS
UNDOCUMENTED FOR  TRANSPORT AND HARBOR

The U.S.D.C. erroneously enhancement 9 levels finding that the offense involved the smuggling of 100 or more illegal immigrants into the United States. See U.S.S.G. §2L1.1 (b)(2)(B)(2000) (providing that "[i]f the offense involved the smuggling, Transporting, or Harboring of 100 or more unlawfull aliens" then "add 9" to the offense level).

According to the Movant's indictment the Movant was charge for Conspiracy to Transport and harbor Certain Aliens Within the United States for Private Financial Gain, with a level of 12 in count One (1) and Count Two (2) thru Five (5) Knowing or in recless disgard of the those Aliens who had come to, entered, and remaind in the United States in violation of law, did transport and move, and attempt to transporr and move such aliens within the United States, from near Kingsville, Texas  by means of a motor vehicle and foot, for commercial advantage and private gain in furtherance of such violation of law. those aliens were four (4) alien for which the Movant receive count Two (2) thru Five (5) in the indictment. The Movant should be receive only 3 levals because the total of Alien in the indictment were Four (4)  and the total of levels should be 12 levels for count One and 3 levals for be Four aliens  less 6 aliens and not over 100 aliens to received a Nine (9) levels.

The District Court's number-of-immigrants finding is clearly errouneous because the Government failed to adduce evidence sufficient to be positive that the Movant was involved with 100 or more illegal aliens, because the indictment show only Four aliens for which the Movant was charge they are identified and questioned as to nationality, because, four illegal aliens were the Movant's charge than the level should be 3 levels and not 9 level the court errer in the 9 levels enhancement to Movant caused perjudice in his sentence for a sentence of 41 months were should be 17 levels and not 23 levels less 3 for accepting the responsibility than should be 14 levels with a range of imprisionment of 15 to 21 monnths for this reason the U.S.D.C. errer in the enhancement caused perjudice to Movants in his sentence of 41 months

### CONCLUSION

WHEREFORE the Movant prayer to this Honorable U.S.D.C. to reduce his sentence of 41 months to 15 months for be a first offender or a least the maximum of 21 months for the reason stated above the conspiracy  in count One (1) involved only Four (4) illegal aliens for which the Movant was indicted on count Two thru Five, because the Movant was perjudice in his sentence Movant prayer to granted the relief requested in his Habeas Corpus Petition 2255 to this Honorable Court.

Respectfully Summited

JOSE LUIS CRUZ-TREJO
R.C.D.C.   #12230-179
P.O. Box 1560
Pecos, Texas 79772

CERTIFICATE OF SERVICE

I Jose Luis Cruz-Trejo hereby certify that a original Motion to vacate, set aside or correct sentence pursuant to §2255 was sended by regular U.S. mail to the United States District Court for the Southern Dostrict of Texas Brownsville Division at 600 E. Harrison St.,Room 1158 Brownsville, Texas 78520-7114 this __11__ day of __JANUARY_____ , 2004

Respetfully Summited

JOSE LUIS CRUZ-TREJO #12230-179
Reeves Co. Det. Center
P.O. Box 1560
Pecos, Texas 79772

- 8 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **PRESENTENCE INVESTIGATION REPORT** |
| | § | |
| **JOSE LUIS CRUZ-TREJO** | § | **Docket No. 1:02CR00377-S1-008** |

**Prepared For:**   Honorable Hilda G. Tagle
U.S. District Judge

**Prepared By:**   Michael J. Gonzalez
Sr. U.S. Probation Officer
Brownsville, Texas
(956) 548-2522

**Assistant U.S. Attorney**   **Defense Counsel**
Lynn M. Kirkpatrick   Armando R. Villalobos
600 E. Harrison St., #201   845 E. Harrison, Ste. C
Brownsville, Texas 78520-7155   Brownsville, Texas 78520
(956) 548-2554   (956) 542-2932

**Sentence Date:**   January 21, 2003

**Offense:**   Count 1:   Conspiracy to Transport and Harbor Certain Aliens Within the United States for Private Financial Gain, in violation of 8 U.S.C. 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(A)(v)(I). Ten (10) years imprisonment and/or a $250,000.00 fine, three (3) years supervised release and a $100.00 special assessment

**Release Status:**   In custody since June 5, 2002, in lieu of a $25,000.00 cash bond (approximately 216 days in jail)

**Detainers:**   U.S. Immigration and Naturalization Service

**Codefendants:**   Alfonso Garcia-Coronado   1:02CR00377-001
Aka: Poncho
Celestino Yanez-Flores   1:02CR00377-002

**Date Report Prepared:**   11/05/02   **Date Report Revised:**

## Identifying Data:

| | |
|---|---|
| **Date of Birth:** | 08/23/76 |
| **Age:** | 26 |
| **Race:** | White/Hispanic |
| **Sex:** | Male |
| | |
| **SSN:** | None |
| **FBI No:** | Unknown |
| **USM No:** | 12230-179 |
| **State ID No:** | None |
| | |
| **U.S. INS No.** | A78 965 376 |
| | |
| **Education:** | 6 years (Mexico) |
| **Dependents:** | 3 (spouse and children) |
| **Citizenship:** | Mexico (undocumented alien) |
| | |
| **Legal Address:** | Calle Gasaducto Pemex y Interior Tres, #2 |
| | Colonia Santa Maria Tupetlac |
| | Estado de Mexico, Mexico |
| | |
| **Other Address:** | Mile 3 ½ Road and Trosper Street |
| | Mission, Texas |
| | |
| **Aliases:** | None |

## PART A. THE OFFENSE

<u>Charges and Convictions</u>

1.  On July 16, 2002, a Federal Grand Jury in Brownsville, Texas, returned a ten-count Superseding indictment against Alfonso Garcia-Coronado, Aka: Poncho, Celestino Yanez-Flores, Aka: Tino, Fernando Garcia, Palemon Infante, Rene Infante, Aka: Norberto, Adan Infante Ramirez, Catalino Hernandez-Rojas, Aka: "El Negro," **Jose Luis Cruz-Trejo**, Juan Olvera-Martinez, Rolando Esquivel, Oscar Vela, Aka: "El Guero," Maria Cardenas Garcia, Juan Gabriel Nino, Aka: "El Nino," Veronica Castellano, Natividad Vela and Homer Cruz, Aka: "El Flaco."

2.  Alfonso Garcia-Coronado is named in all counts.

3.  Juan Olvera-Martinez and **Jose Luis Cruz-Trejo** are named in Counts 1, 2, 3, 4 and 5.

4.  Celestino Yanez-Flores, Fernando Garcia, Palemon Infante, Rene Infante, Adan Infante Ramirez, Catalino Hernandez-Rojas, Rolando Esquivel, Oscar Vela, Maria Cardenas Garcia, Juan Gabriel Nino, Veronica Castellano, Natividad Vela, and Homer Cruz are named in Count 1. The defendants are charged as follows:



5.  **COUNT 1**: Conspiracy to Transport and Harbor Certain Aliens Within the United States for Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I).



6.  **COUNTS 2-5**: Transporting a Certain Alien Within the United States for Private Financial Gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II).

7.  **COUNTS 6-10**: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

8.  On August 28, 2002, the Court granted an unopposed government motion to dismiss the indictment as to Oscar Vela.

9.  On September 26, 2002, Catalino Hernandez-Rojas appeared before U.S. Magistrate Judge Felix Recio and entered a plea of guilty to Count 1. There is a written plea agreement which calls for the defendant to receive full credit for acceptance of responsibility and a sentence at the low end of the applicable sentencing guideline range. A presentence investigation was

ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2002, at 9:00 a.m.

10.     On October 2, 2002, Natividad Vela appeared before U.S. Magistrate Judge Felix Recio and entered a plea of guilty to Count 1. There is a written plea agreement which calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the applicable sentencing guideline range, the defendant's relevant conduct be limited to under 100 aliens, and the government will recommend Vela receive an additional two (2) level reduction for minor role. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003 at 9:00 a.m.

11.     On October 3, 2002, Celestino Yanez-Flores appeared before U.S. Magistrate Judge Felix Recio and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility and the government will not seek an upward departure based on the number of aliens. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

12.     On October 8, 2002, Juan Olvera-Martinez appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 3. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the sentencing guideline range, the defendant's relevant conduct will be limited to under 100 aliens, a four (4) level decrease for minimal participant, and dismissal of the remaining counts at the time of sentencing. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

13.     On October 10, 2002, Rolando Esquivel appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the sentencing guideline range, the defendant's relevant conduct will be limited to under 100 aliens, and a three (3) level decrease for minor role. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.



14.     On October 10, 2002, **Jose Luis Cruz-Trejo** appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the sentencing guideline range, the government will not seek an upward departure based on

the number of aliens, and will recommend dismissal of the remaining counts. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

15.    On October 10, 2002, Homer Cruz appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the sentencing guideline range, the defendant's relevant conduct will be limited to under twenty-five (25) aliens, and a two (2) level decrease for minor role. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

16.    On October 17, 2002, the Court granted an unopposed government motion to dismiss the indictment as to Maria Cardenas Garcia.

17.    On October 17, 2002, Alfonso Garcia-Coronado entered a plea of guilty to Counts 1 and 7 before U.S. Magistrate Judge John Wm. Black. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, the government will not seek an upward departure based on the number of aliens involved in the entire conspiracy, and will move to dismiss the remaining counts at the time of sentencing. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

18.    On October 17, 2002, Juan Gabriel Nino appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the applicable sentencing guideline range, and the government will not seek an upward departure based on the number of aliens involved in the entire conspiracy. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

19.    On October 17, 2002, Fernando Garcia appeared before U.S. Magistrate Judge John Wm. Black and entered a plea of guilty to Count 1. The written plea agreement calls for the defendant to receive full credit for acceptance of responsibility, a sentence at the low end of the applicable sentencing guideline range, the government will not seek an upward departure based on the number of aliens involved in the entire conspiracy, and will recommend his relevant conduct be limited to 100 aliens. A presentence investigation was ordered and sentencing has been scheduled before U.S. District Judge Hilda G. Tagle on January 21, 2003, at 9:00 a.m.

Adjustment for Obstruction of Justice

61.    The probation officer has no information to suggest the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

62.    Jose Luis Cruz-Trejo admitted he worked as a guide in the alien smuggling organization. He stated he worked as a free lance smuggler and only transported aliens around the USBP checkpoint in Sarita, Texas, when in financial straits. Cruz-Trejo stated he guided aliens on approximately four (4) occasions. He did not provide any substantive information on the role or relevant conduct on other members of the organization. He admitted the offense was committed for financial gain but did not provide information on the amount of money he received.

Offense Level Computations

63.    The November 2002 edition of the Guidelines Manual has been used in this case.

Count 1 - Conspiracy to Transport and Harbor Undocumented Aliens Within the United States for Private Financial Gain

64.    **Base Offense Level:** The guideline for violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii), and 1324(a)(1)(A)(v)(I) is found in U.S.S.G. § 2L1.1(a)(2) and calls for a base offense level of twelve (12).    12

65.    **Specific Offense Characteristic:** The defendant was involved in harboring and transporting more than one hundred (100) undocumented immigrants within the United States. Pursuant to U.S.S.G. § 2L1.1(b)(2)(C), the offense is increased nine (9) levels.    +9



66.    Undocumented immigrants transported within the Garcia-Coronado ASO were intentionally placed at substantial risk of death or serious bodily injury during the scope of the offense. They were staged in isolated areas and were subject to harsh weather conditions. In addition, these undocumented immigrants were moved in loads of twenty-five (25) aliens in the bed of extended cab trucks which placed them at substantial risk of death or serious bodily injury. In one instance, aliens were staged in sub-freezing temperatures. Pursuant to U.S.S.G. § 2L1.1(b)(5), the offense is increased two (2) levels.    +2

15

67.  **Victim-Related Adjustments:** None.                                                    0

68.  **Adjustments for Role in the Offense:** None.                                           0

69.  **Adjustment for Obstruction of Justice:** None.                                         0

70.  **Adjusted Offense Level (Subtotal):**                                                  23

71.  **Adjustment for Acceptance of Responsibility:**  The defendant clearly accepted responsibility for his criminal conduct in the instant offense and he timely notified authorities of his intent to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.  Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), the offense is reduced by three (3) levels.                                                                           -3

72.  **Total Offense Level:**                                                                20

73.  **Chapter Four Enhancements:** None.                                                     0

74.  **Total Offense Level:**                                                                20

## PART B.  DEFENDANT'S CRIMINAL HISTORY

Juvenile Adjudications

75.  None.

Adult Criminal Convictions

76.  None.

Criminal History Computation

77.  The total of the criminal history points is zero (0). According to the sentencing table at U.S.S.G. Chapter 5, Part A, zero (0) criminal history points establish a criminal history category of I.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs | § | CRIMINAL NO. |
| | § | B -02-377 |
| ALFONSO GARCIA-CORONADO | § | |
| Also Known As: PONCHO | § | |
| CELESTINO YANEZ-FLORES | § | |
| Also Known As: TINO | § | |
| FERNANDO GARCIA | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| JOSE LUIS CRUZ-TREJO | § | |
| JUAN OLIVERA-MARTINEZ | § | |
| ROLANDO ESQUIVEL | § | |
| OSCAR VELA | § | |
| Also Known As "El Guero" | § | |
| MARIA CARDENAS GARCIA | § | |
| | § | |
| | § | |
| | § | |
| HOMER CRUZ | § | |
| Also Known As "El Flaco" | § | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:



### COUNT 1

From on or about January 1, 2001 to on or about June 5, 2002, in the Southern District of

Texas and elsewhere and within the jurisdiction of the Court, Defendants,

**ALFONSO GARCIA-CORONADO**
**Also Known As: PONCHO,**

1

CELESTINO YANEZ-FLORES
Also Known As: TINO,
FERNANDO GARCIA,

JOSE LUIS CRUZ-TREJO,
JUAN OLIVERA-MARTINEZ,
ROLANDO ESQUIVEL,
OSCAR VELA
Also Known As "El Guero,"
MARIA CARDENAS GARCIA,

HOMER CRUZ
Also Known As "El Flaco,"

did knowingly and willfully conspire and agree together and with each other, and with other persons

known and unknown to the Grand Jurors to violate Title 8, United States Code, Sections

1324(a)(1)(A)(ii) and(iii), that is, the object of their conspiracy and agreement was to transport and

move, by means of a motor vehicle and by guiding on foot, aliens who had come to, entered, and

remained in the United States in violation of law for commercial advantage and private financial gain

in furtherance of such violation of law and to conceal, harbor, and shield from detection such aliens

for commercial advantage and private financial gain.

It was a part of said conspiracy that the Defendants and unindicted co-conspirators would

seek to unlawfully enrich themselves by promoting and facilitating the transportation of illegal aliens

from the area of the Texas/Mexico border to Houston, Texas, and to other places in and outside of

the Southern District of Texas on a continuing basis.

It was further part of the conspiracy that the Defendants and other unindicted co-conspirators

2

27. On or about May 6, 2002, Defendants **Alfonso Garcia-Coronado, Homer Cruz, Rolando Esquivel** and **Oscar Vela** arranged for the transportation of illegal aliens from near Falfurrias, Texas.

28. On or about May 8, 2002, Defendant **Alfonso Garcia-Coronado** delivered food to a group of illegal aliens at the Budget Inn Motel in Kingsville, Texas.

29. On or about May 18, 2002, Defendant **Alfonso Garcia-Coronado** met with undercover agents to make arrangements to transport another group of illegal aliens within the United States.

30. On or about June 5, 2002, Defendants **Juan Olivera Martinez** and **Alfonso Garcia-Coronado** attempted to deliver food to a group of illegal aliens in the brush near Kingsville, Texas. Defendant **Celestino Yanez-Flores** called Defendant **Alfonso Garcia-Coronado** to inform him that Defendant **Jose Luis Cruz-Trejo** had a group of illegal aliens in the brush that needed to be picked up.

31. On or about June 5, 2002, Defendant **Jose Luis Cruz-Trejo** transported a group of illegal aliens within the United States.

32. From on or about January 1, 2001 to on or about May 1, 2002, Defendant **Maria Cardenas Garcia** received approximately one hundred twenty thousand dollars ($120,000) in Western Union proceeds.

34. From on or about January 1, 2001, to on or about May 1, 2002, Defendant **Fernando Garcia** received approximately fifty thousand dollars ($50,000.00) in Western Union proceeds.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).



COUNT TWO

On or about June 5, 2002, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

ALFONSO GARCIA-CORONADO
Also Known As: Poncho,
JUAN OLIVERA-MARTINEZ,
and JOSE LUIS CRUZ-TREJO,

knowing or in reckless disregard of the fact that Nicolas Nolasco-Corona was an alien who had

come to, entered, and remained in the United States in violation of law, did transport and move,

and attempt to transport and move such alien within the United States, from near Kingsville,

Texas to near Kingsville, Texas, by means of a motor vehicle and on foot, for commercial

advantage and private financial gain in furtherance of such violation of law.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324

(a)(1)(A)(v)(II).

COUNT THREE

On or about June 5, 2002, in the Southern District of Texas and within the jurisdiction of

the Court, Defendants,

ALFONSO GARCIA-CORONADO
Also Known As: PONCHO,
JUAN OLIVERA-MARTINEZ,
and JOSE LUIS CRUZ-TREJO,

knowing or in reckless disregard of the fact that Oliver Gregorio-Gomez was an alien who had

come to, entered, and remained in the United States in violation of law, did transport and move,

and attempt to transport and move such alien within the United States, from near Kingsville,

Texas to near Kingsville, Texas, by means of a motor vehicle and on foot, for commercial

advantage and private financial gain in furtherance of such violation of law.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324

(a)(1)(A)(v)(II).

8



## COUNT FOUR

On or about June 5, 2002, in the Southern District of Texas and within the jurisdiction of

the Court, Defendants,

ALFONSO GARCIA-CORONADO
Also Known As: Poncho,
JUAN OLIVERA-MARTINEZ,
and JOSE LUIS CRUZ-TREJO,

knowing or in reckless disregard of the fact that Reyes Lucas Cabrera was an alien who had come

to, entered, and remained in the United States in violation of law, did transport and move, and

attempt to transport and move such alien within the United States, from near Kingsville, Texas to

near Kingsville, Texas, by means of a motor vehicle and on foot, for commercial advantage and

private financial gain in furtherance of such violation of law.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324

(a)(1)(A)(v)(II).

## COUNT FIVE

On or about June 5, 2002, in the Southern District of Texas and within the jurisdiction of

the Court, Defendants,

ALFONSO GARCIA-CORONADO
Also Known As: Poncho,
JUAN OLIVERA-MARTINEZ,
and JOSE LUIS CRUZ-TREJO,

knowing or in reckless disregard of the fact that Salomon Taboada was an alien who had come

to, entered, and remained in the United States in violation of law, did transport and move, and

attempt to transport and move such alien within the United States, from near Kingsville, Texas to

near Kingsville, Texas, by means of a motor vehicle and on foot, for commercial advantage and

AO 245B (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## Southern District of Texas

### Holding Session in Brownsville

FEB 12 2003

Michael N. Milby, Clerk of Court

MAR - 3 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES OF AMERICA

v.

## JOSE LUIS CRUZ-TREJO

### JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:02CR00377-S1-008**

Armando R. Villalobos
Defendant's Attorney

☐ See Additional Aliases sheet.

## THE DEFENDANT:

☒ pleaded guilty to count(s)   1 on 10/10/2002

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I) | Conspiracy to Transport and Harbor Certain Aliens Within the United States for Private Financial Gain | 06/05/2002 | 1 |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By
Deputy Clerk

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  2, 3, 4 and 5 _____    ☐ is  ☒ are  dismissed on the motion of the  United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name,

residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: None

Defendant's Date of Birth: 08/23/1976

Defendant's USM No.: 12230-179

Defendant's Residence Address:

Calle Gasaducto Pemex y Interior Tres # 2

Colonia Santa Maria Tupetlac

Estado de Mexico, Mexico

Defendant's Mailing Address:

Calle Gasaducto Pemex y Interior Tres # 2

Colonia Santa Maria Tupetlac

Estado de Mexico, Mexico

01/21/2003
Date of Imposition of Judgment

Signature of Judicial Officer

**HILDA G. TAGLE**

**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

 

B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment -- Page 2 of 5

DEFENDANT:  **JOSE LUIS CRUZ-TREJO**
CASE NUMBER:  **1:02CR00377-S1-008**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____ **41 months.** _____

☐  See Additional Imprisonment Terms.

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
    ☐  at _____ on _____
    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐  before 2 pm on _____
    ☐  as notified by the United States Marshal.
    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ 7-29-03 _____ to _____ RCDC _____

at _____ PCDTX _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

245B   (Rev. 3/01) Judgment in a Criminal Case 
Sheet 3 -- Supervised Release

Judgment -- Page 3 of 5

DEFENDANT:   **JOSE LUIS CRUZ-TREJO**
CASE NUMBER:   **1:02CR00377-S1-008**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3 years.___
The Court further orders the supervised release term be without supervision.

☐ See Additional Supervised Released Terms Sheet.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ See Additional Mandatory Conditions Sheet

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

245B    (Rev. 3/01) Judgment in a Criminal Case
        Sheet 3 — Continued 2 — Supervised Release

Judgment -- Page 4 of 5

DEFENDANT:   **JOSE LUIS CRUZ-TREJO**
CASE NUMBER:   **1:02CR00377-S1-008**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is not to re-enter the United States illegally.

245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 5, Part A -- Criminal Monetary Penalties



Judgment -- Page 5 of 5

DEFENDANT:   **JOSE LUIS CRUZ-TREJO**
CASE NUMBER:   **1:02CR00377-S1-008**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐   See Additional Terms for Criminal Monetary Penalties Sheet.

☐   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
|  |  |  |  |

☐   See Additional Restitution Payees Sheet.

| **TOTALS** | $0.00 | $0.00 |
|---|---|---|

☐   If applicable, restitution amount ordered pursuant to plea agreement   $_____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐   the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐   the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☒   Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.