IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 11 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　Respondent　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>JOSE LUIS CRUZ TREJO　　　　　 )<br>　　　　Petitioner　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>_____) | Civil Action No. B-04-028<br><br>Criminal No. B-02-377-s1-008 |

PETITIONER'S MOTION FOR DEFAULT JUDGEMENT

　　COMES NOW, Petitioner Jose Luis cruz-Trejo hereby pro se who respectfully move this Honorable Court to grant the Patitioner's motion for Default judgement, and the habeas Corpus Petition 28 U.S.C. §2255 for the following.

　　On january 11, 2004 Petitioner file a Motion to vacate, set aside, or correct sentence pursuant to §2255 for plain error.

　　On february 20, 2004 the U.S.D.C. Judge John Wm. Black issued a Order that the Petitioner will allowed to proceed in forma Pauperis, also the issued a order to the United States Government is hereby ordered ti file a response by April 5, 2004. on Civil Action B-04-028.

The United States District Court Judge John Wm. Black followed the rule 4(b) §2255 proceeding and ordered the Government to file a answer within the period of time fixed by the Court. As in petitioner case ordered to the U.S. Government to respond the Petitioner's motion by April 5, 2004, however the U.S. Government did not respondent the Petitioner motion §2255 due on April 5, 2004 violated the U.S.D.C. Issued Order of February 20, 2004.

Petitioner file this motion for default on the Government failed to respond and grant the Petiitoner Motion 2255.

In Bleitner v. Welborn, 15 F.3d 652, 654 (7th Cir. 1994) (District Court has discrection under habeas Rule 4 "to fix the dealine" for state's answer. The Government response should be on April 5, 2004, (the answer play on obiously importatnt role in a habeas proceeding; [i]t permits the court and the parties to uncover quickly the dispute issues: it may reveal to the petitioner's attorney grounds for release that the petitioner did not know; Rule 5 requires answer to have "more specifically than the statute [section 2243] had required" and is... intended to ensure ... a responsive pleating... (quoting Advisory Committee Note Rule of the Rules Governing §2254 case).

Habeas "Rule 5 does not indicate who[m] the answer is to be seved upon, but it necessarily implies that it will be mailed to the petitioner (or to is attorney if he has one). Although the Advisory Committee Note Rule 5 says that the Rule 'is intended to ensure that a responsive pleading will be filed." Professor Wright correctly predicated that the Rules would make it "no more likely than before [their adoption]... that the court will be grant a default judgement and release the prisoner merely because the

Respondent has not mad a timely answer." (quoting Advisory Committee Note Rules Governing §2254 Cases and citing prior cases). See e.g., Bleitner v. Welborn 15 F. 3d 652, 653-54 (7th cir. 1994) (district Court did not abuse discrection in declining to impose default judgement when state missed deadline for filing answer to Habeas corpus petition; apropiate response in such situations may be to deem procedural defenses waived and 'proceed directly to the merits of the petition").

As stated above the Government did not answer the Petitioner's habeas §2255 when the Court issued a Order to the government to responded by April 5, 2004 Government violated the Rule 4 and 5 and this court should dismissed for missed dealine for filing answer to habeas corpus petition, and granted the Petitioner's habeas corpus §2255 and the motion for default. See United States ex rel. Caver v. Gramley, 1999 U.S. Dist. LEXIS 6122, at * 12 (N.D. Ill. April 15, 1999).

However Petitioner's prayer to this honorable Court to construct Petitioner's motion less stringent standard than those drafted by the Attorneys. See Haines v. Kerner, 404 U.S. 519 (1972); Cruz v. Beto, 405 U.S. 319 (1972). In a pro se complaint must be take as true and construed liberally in favor of the plaintiff. See Malone v. Caylor, 710 F. 2d 258-60 (6th Cir. 1983). Consider this motion liberally.

WHEREFORE, Petitioner prayer to this honorable Court to grant Petitioner's motion for default, and habeas corpus §2255 motion and any other motion already filed by Petitioner and the relief requested.

CERTIFICATE OF SERVICE

I Jose Luis Cruz-Trejo hereby certify that a motion for default was sended by regular U.S. mail to the United States District Court for the Southern District of Texas Brownsville Division at 600 E. Harrison St., Room 1158 Brownsville, Texas 78520-7114 this __6__ day of __May__, 2004

Respectfully Summitted

*Jose Luis Cruz-Trejo*
JOSE LUIS CRUZ-TREJO #12230-179
Reeves Co. Det. Center
P.O. Box 1560
Pecos, Texas 79772

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE LUIS CRUZ-TREJO, § | |
| Plaintiff-Petitioner, § | |
| § | CIVIL ACTION NO. B-04-028 |
| VS. § | |
| § | CRIMINAL NO. B-02-377-S1-008 |
| UNITED STATES OF AMERICA, § | |
| Defendant-Respondent. § | |

## ORDER

Petitioner, Jose Luis Cruz-Trejo, has filed a Motion To Vacate Sentence pursuant to Title 28, U.S.C. § 2255. Petitioner will be allowed to proceed in Forma Pauperis. The United States Government is hereby ordered to file a response by April 5, 2004.

DONE at Brownsville, Texas, this 20th day of February, 2004.

John Wm. Black
United States Magistrate Judge