UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 2 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE LUIS CRUZ-TREJO<br>Petitioner, | §<br>§<br>§ | CIVIL ACTION NO. B-04-028 |
| v. | §<br>§ | (CRIMINAL NO. B-02-377) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Before the Court is Petitioner Jose Luis Cruz-Trejo's Motion to Vacate, Set Aside, or Correct Sentence, which was filed pursuant to 28 U.S.C. § 2255. For the following reasons, it is recommended that Petitioner's Motion (Docket No. 1) be DENIED and that the Government's Motion For Dismissal (Docket No. 7) be GRANTED.

### BACKGROUND

Cruz-Trejo was charged by superceding indictment in the United States District Court for the Southern District of Texas, Brownsville Division, with conspiracy to transport and move illegal aliens within the United States and with substantive counts of illegally transporting those aliens.

Cruz-Trejo pleaded guilty to Count One of the superceding indictment pursuant to a plea agreement in which the Government agreed to dismiss all remaining counts. Petitioner was then sentenced to 41 months in the custody of the Bureau of Prisons and to a three-year term of

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b), the above-referenced cause of action has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge, as evidenced by his signature thereto, make up this Report and Recommendation.

supervised release; in addition, a $100 special assessment was imposed. The judgment was entered on March 3, 2003. Cruz-Trejo, however, did not appeal his conviction or sentence.

On January 16, 2004, Cruz-Trejo filed the motion herein being considered pursuant to § 2255 (Docket No. 1). The Government has since responded, and the motion is accordingly ripe for judgment.

## ISSUE RAISED

The Petitioner raises only one issue in his Section 2255 motion; namely, that the district court erred in applying a nine-level increase to his offense level based on relevant conduct involving the transportation of more than one-hundred undocumented aliens during the course of his conspiracy offense. According to Cruz-Trejo, the Government alleged and proved only four undocumented aliens were involved in the offense, and therefore the increase in his offense level should have been significantly lower.

## DISCUSSION

A. <u>Procedural Bar</u>.

As an initial matter, it should be noted that Cruz-Trejo did not raise the issue he herein presents on direct appeal. In fact, he has never raised this issue before he did so in his habeas petition.

A defendant cannot raise an issue for the first time on collateral review without showing both "cause for his procedural default, and actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978 (1992) (citation omitted).

The "cause and prejudice standard" is "a significantly higher hurdle than the plain error

standard" applied on direct appeal. *Id.* A defendant must overcome this burden even when alleging a fundamental constitutional error. *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 493, 106 S.Ct. 2639, 2648 (1986)). The only acknowledged exception to the application of this high standard is the "extraordinary" case where an actual innocent person has been wrongly convicted. *Shaid*, 937 F.2d at 232.

In the case at hand, Cruz-Trejo has not claimed –much less established– actual innocence. Furthermore, he has failed to articulate any cause or actual prejudice in relation to his failure to raise the issue on a prior occasion. He is therefore procedurally barred from presenting the issue in the present action. *See generally id.*

B. Cruz-Trejo's Substantive Claim.

For the sake of thoroughness and clarity, the Court will address Cruz-Trejo's argument, notwithstanding the fact that, as previously discussed, he has procedurally defaulted on the issue.

Cruz-Trejo's claim regarding the enhancement he received involves the court's technical application of the Sentencing Guidelines. It is well established that such challenges are not cognizable in a § 2255 motion. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132, 121 S.Ct. 894 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly, even if Cruz-Trejo had not procedurally defaulted on the issue of his nine-level increase to his offense level, he would not be eligible for habeas relief because he has not raised an issue warranting such relief under § 2255. *See, e.g., Kinder*, 222 F.3d at 211.

## RECOMMENDATION

After reviewing the answer that has been filed in this case and all other documents on file, this Court has determined that an evidentiary hearing is not required. *See* Rule 8(a), 28 foll. §2255; *see also United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). Accordingly, this Court may recommend such disposition of the Petitioner's motion as justice dictates. *See id.* For the reasons stated in the preceding portions of this Report and Recommendation, it is recommended that Petitioner's request for habeas relief be DENIED. It is further recommended that the Government's Motion for Dismissal (Docket No. 7) be GRANTED. Accordingly, Cruz-Trejo's Motion (Docket No. 1) should be DISMISSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 12th day of August, 2004.

Felix Recio
United States Magistrate Judge